BENJAMIN BLISS, Appellant, *v.* MARY Y. C. GREELEY, Respondent.

A limited and specific grant of the right to dig and stone up a certain spring, and conduct the water therefrom through the grantor's land, by a specified pipe, to the grantee's house, with covenant of warranty, does not render the entire premises servient to the easement; and the grantor may lawfully sink another spring, but twenty-seven feet distant, although the effect is to render the first one useless.

(Argued May 24th; decided June 13th, 1871.)

Appeal from an order of the General Term of the Supreme Court in the second district, reversing judgment in favor of the plaintiff at Special Term, and dismissing the complaint with costs.

The facts sufficiently appear in the opinion of the court.

*Odle Close,* for the appellant, cited Broom's Leg. Max., 362; Washb. on Real Prop., 2d vol., 622, 3; *Clark* v. *Est. of Conroe* (38 Vt., 469); *Balston* v. *Bensted* (1 Campb., 463); *Dexter* v. *Prov. Ag. Co.* (1 Story, 387); *Dickinson* v. *Grand Junc. Canal Co.* (7 Exch., 282); *Smith* v. *Adams* (6 Paige, 435); *Acton* v. *Blundell* (12 Mees. & W., 324); *Greenlief* v. *Francis* (18 Pick., 117); *Roath* v. *Driscoll* (20 Conn., 523); *Frazier* v. *Brown* (12 Ohio, 294).

*Robert S. Hart,* for the respondent, cited *Acton* v. *Blundell* (*supra*); *Chassemore* v. *Richards* (7 House Lords' Cas., 349); *Pixley* v. *Clark* (35 N. Y., 527); *Trust. of Delhi* v. *Youmans* (50 Barb., 319); *Dixon* v. *Clow* (24 Wend., 190); *Haldeman* v. *Burckhardt* (45 Penn. St., 519); *Palmer* v. *Wetmore* (2 Sandf., 318); *Meyers* v. *Gemmel* (10 Barb., 537).

Peckham, J. In 1849 one Haviland, in consideration of one dollar, granted to this plaintiff, by deed, and to his heirs and assigns forever the "right and use, to dig, stone up or box up a certain spring of water situated on the lands of said Haviland (describing its location);" also "to have the right, use and privilege of digging and laying a pipe through the property of Haviland for the purpose of leading the water from said spring to the house of said plaintiff;" also, he has the right to enter on the lands of Haviland to keep the pipe in repair. Haviland reserved to himself and his heirs the right of drawing water from said spring by a pipe or pipes inserted into said spring in such a manner as to leave two inches of water above the pipe of the plaintiff; also reserved the right to alter the course of the pipe of plaintiff at any time when necessary for the purpose of digging a cellar or other improve-

ments, when the same can be done without injury to the plaintiff. Haviland covenanted to warrant and defend the plaintiff, etc., in the quiet enjoyment of said rights and privileges. Haviland subsequently. conveyed his farm to the defendant, subject to the rights granted to the plaintiff. The plaintiff dug down and boxed up the spring, put in a pipe, and conducted the water to his house, some sixty rods from the spring, and used it till interrupted by the defendant.

In this state of things the defendant caused another spring to be dug upon her farm, some twenty-seven feet from the other, about four feet deep, the spring dug by the defendant being upon land between one and two feet higher than the land at the other spring; whereby, as the justice at Special Term found, the water in the plaintiff's spring has been reduced in quantity and deteriorated in quality, and has in fact been rendered nearly useless.

The simple question is, had the defendant the right to dig the new spring under these circumstances? The Special Term held she had not, and enjoined her from digging further. On appeal the General Term reversed this judgment, one judge dissenting.

It will be observed that the trial court has not found that this digging by defendant was done maliciously, for the mere purpose of injuring the plaintiff, nor can any inference of that kind be drawn or presumed from the findings, as the defendant offered to show on the trial the purpose for which she wanted this new spring, and the testimony was rejected on the plaintiff's objection.

In this case, the grant and the covenants of the grantor are the precise measure of the plaintiff's right. (God. on Ease'ts., 185, and cases there cited.)

For a small consideration, the owner of the farm granted to the plaintiff the right to dig out and box this spring and to put a pipe in it, of not over a certain size, and to enter on his land to keep the pipe in repair. He warranted these rights.

Did he thereby covenant that he would not use the rest of his farm in a farmer-like manner? That he would not

improve it by buildings, by digging cellars, or otherwise, as his interests might require? Or if he built, that he should not dig a spring on another part of his farm to supply his buildings with water, if by so doing he should reduce the underground, percolating supply to the plaintiff's spring? I think not.

The deed to the plaintiff contains no covenant against doing any of these things; and, since the Revised Statutes, none can be implied. (1 R. S., 73, § 5, 140; id., 750, § 10.)

There is a reservation that the grantor may alter the course of the pipe for the purpose of digging a cellar, or other improvements, where the same can be done without injury to the grantee. This was a necessary reservation, otherwise the grantor would have had no authority to alter the course of the pipe for any improvement there. But this reservation was wholly unnecessary as to the rest of the farm.

Had the parties thought otherwise, is it not clear that provision would have been made in the deed for other improvements upon other parts of the farm, when the grantor was so careful as to the part actually occupied by the plaintiff's pipe? Did he intend to provide for improvements in that limited locality, and yet subject the whole residue of his farm entirely to the uses of this spring, unless he could dig and improve it in other places without impairing the supply to the spring? The intent of the parties should govern, if it can be found in the deed.

The conceded rule that a grant carries with it every incident necessary to make the grant effectual, does not aid the plaintiff. (Platt on Cov., 56–58, and cases there cited; 1 Saund. R., 321, and cases cited; *Whitehead* v. *Parks*, 2 H. & N., 870; *Northam* v. *Hurley*, 1 E. & B., 665; 22 L. J. Q. B., 183; *Hodgson* v. *Field*, 7 East, 613; *Henning* v. *Burnett*, 8 Exch., 187; 22 L. J., Exch., 79; *Williams* v. *James*, L. R., 2 C. P., 577; 36 L. J., C. P., 256; *Blatchford* v. *Mayor of Plymouth*, 3 Bing. N. C., 691; 6 L. J. N. S., C. P., 217.)

*Whitehead* v. *Parks* is an instructive case, but I do not think it controls this. The grant there was much broader than here.

There is here no grant of any waters outside of that spring, under or above the earth. But the grantor reserved the right to reduce the spring by direct means to two inches above the plaintiff's pipe.

The grant, here, is limited and specific. It grants the right to dig and box up a spring, and to insert a pipe therein, and conduct it over the grantor's land. This did not make a servient estate of the grantor's whole farm. It is difficult to see how the plaintiff acquired more thereby than if he had obtained a grant in fee of the land, including the spring and the track of the pipe. Under a grant in fee it is quite clear that he could have no relief against the acts found in this case. (*Pixley* v. *Clark*, 35 N. Y., 527, and cases there cited; *Trustees of Delhi* v. *Youmans*, decided in this court (Ante p. 362); 2 Wash. on Real Prop., 3d ed., 325, and cases there cited.)

This grant prevents the grantor and his assigns from any substantial interference with the spring or the pipe. It does not prevent their improvement or use of the residue of the farm. Had the parties designed to make the whole farm servient to this easement, they should have expressed that purpose.

In the absence of such expression the grantor is permitted to use the residue of his farm, as any proprietor may his land.

A late author observes: "In such case, if the grantee be disturbed, he is disturbed by one exercising a natural right to which he is entitled; he is justified in his act, and the party disturbed can have sustained no legal injury." (God. on Easements, 223.)

But it does not clearly appear that the plaintiff cannot possibly recover upon any ground upon another trial. Therefore the Supreme Court should have granted a new trial instead of rendering judgment for defendant. For this reason the

judgment is reversed and new trial granted, costs to abide event.

All concur, except RAPALLO, J., absent.

Judgment reversed and new trial granted.