County Court, Saratoga County, December, 1901.    [Vol. 36.

MARY O'SHAUGHNESSEY, Respondent, *v.* PATRICK O'ROURKE, Appellant.

(County Court, Saratoga County, December, 1901.)

Trespass — When the owner of the dominant estate cannot remove an obstruction to his right of way without first requesting the owner of the servient estate to remove it — Treble damages.

> Where the owner of a plot of ground, on which trees are growing, deeds the front of it to one person and the rear to another person and by the same deed gives the latter a right of way over the grant of the former in order to reach the street on which the plot abuts, the owner of the rear cannot cut down trees on the front, as obstructions to his right of way, until he has requested the owner of the front to remove them.
>
> If he cuts them down without such prior request he is a trespasser, and where his acts are forcible and deliberate and he has no reason to believe the land in front to be his own he is liable in treble damages.

APPEAL from a judgment of Justice's Court.

F. M. Jenkins (F. B. Phillips, of counsel), for respondent.

B. K. Walbridge, for appellant.

ROCKWOOD, J.    Ellen Maguire, in 1897, was the owner of premises in the village of Saratoga Springs, N. Y., known as No. 92 Ash street, consisting of a plot of ground with two dwellings thereon.    She was related to the parties to this action, and by deed dated November 12, 1897, conveyed to the plaintiff the front portion of said lot, and by deed dated November 12, 1897, conveyed to the defendant the rear portion.    By these conveyances, plaintiff acquired title to a lot about forty-one feet front on Ash street and eighty-three feet deep, and the defendant became the owner of a lot immediately in the rear, the property being purposely divided so that one of the dwelling-houses was on each lot.    In order to reach the defendant's property, it

was necessary to pass over that of the plaintiff, and by the deeds referred to an easement was given to Patrick O'Rourke across the premises of Mary O'Shaughnessey, which right of way was ten feet in width and was along the westerly bounds of the property of the plaintiff. Three hemlock trees stood upon that portion of the land of the plaintiff designated to be used for this right of way. They were about sixteen feet apart, from eighteen to twenty-six feet high and from ten to twelve inches in diameter. These trees had existed for eighteen years upon the property during the lifetime of Ellen Maguire, were well developed and valuable as shade trees and for ornamental purposes. A dispute arose between plaintiff and defendant as to their rights under the deeds, and on January 3, 1898, the defendant without having previously requested the plaintiff to remove the trees and without having obtained her consent to their removal, entered upon the right of way and with an ax chopped down the three trees in question, and forcibly removed portions of the picket fence along Ash street and the west end of a double gate. Thereupon the plaintiff instituted an action in Justice's Court, alleging trespass and damage in the sum of fifty dollars ($50), and demanding treble damages, under sections 1667 and 1668 of the Code of Civil Procedure. Upon the trial, judgment was rendered in favor of the plaintiff and against the defendant for the sum of one hundred sixty-five dollars ($165) damages and four dollars and twenty-five cents ($4.25) costs, in all one hundred sixty-nine dollars and twenty-five cents ($169.25). From this judgment the defendant has appealed to this court for a new trial, which, by consent of the parties, has been had before the court without a jury.

On behalf of the defendant it is contended that the three hemlock trees obstructed his use of the right of way and that he had a legal right to forcibly remove them without the consent of the plaintiff. Upon the determination of that question the rights of the parties must be deemed to rest.

The legal proposition is well established that a grant of a right of way carries with it every incident necessary to make the grant effectual. Bliss v. Greeley, 45 N. Y. 674; Herman v. Roberts, 119 id. 37.

Without doubt, the defendant, upon his acquirement of the fee, was entitled to an unobstructed easement ten feet in width along the westerly bounds of plaintiff's lands. The three hem-

County Court, Saratoga County, December, 1901.     [Vol. 36.

lock trees constituted an obstruction, which the defendant could have caused to be removed, due regard being had, however, to the rights of the plaintiff, the owner of the servient tenement. To fully determine these rights, recourse must be had, in a measure, to conditions existing before the grant. Ellen Maguire, the common grantor of plaintiff and defendant, had resided upon these premises for many years and had rented the rear dwelling to various tenants, who had used different portions of her premises as convenient places of ingress and egress. When the property was divided, in 1897, the rights of the grantees were protected by a well-defined easement, in the extent and location of which no ambiguity is presented, when the two deeds are considered together. The necessity for the removal of the trees did not exist while Ellen Maguire remained owner of the entire premises. When, however, she parted with title and created an easement, the defendant had a right to have the trees removed, provided that he adopted legal methods to produce such result.

It will be observed that the obstruction complained of was not placed upon the lands by the plaintiff, but by the common grantor of both parties at a time when, it is reasonable to suppose, the creation of the easement was not contemplated. This fact differentiates this case from those precedents cited by counsel for defendant, where it is properly held that the owners of the dominant tenement may lawfully remove obstructions to the free use of the easement. It was the duty of the defendant to have requested plaintiff to have removed the trees and thus to have afforded her an opportunity, if she so desired, to save and place them upon some other portion of her property. The fact that the defendant did not do so, but arbitrarily destroyed the trees was an unreasonable use by him of his rights as owner of the dominant estate. Herman v. Roberts, 119 N. Y. 45.

The rule applicable to this case seems to be well stated in Washburn on Real Property (5th ed.), vol. 2, p. 394, in the following language: "The owner of the dominant estate may enter upon the servient estate and remove any obstruction wrongfully placed there to the detriment of his easement in the same. If this was created by the owner of the servient tenement, the one entitled to the easement may make such entry without any previous request to have them removed, but if located by a stranger or by the grantor *of the owner of the servient estate*, it seems that

there should be a prior request." This is a reasonable principle founded upon abundant authority. Any other rule would be violative of the rights of the owner of the servient estate. Suppose that this right of way had contained many valuable fruit-trees. Could the defendant be upheld in cutting them down and destroying their utility without previously requesting the owner of the soil to remove them? Assuredly the maintenance of such doctrine would work in many instances irreparable injury. I am clearly of opinion that it was the duty of the defendant, in the first instance, to request the plaintiff to remove these three hemlock trees, and that not having done so, his act in destroying them was in derogation of her rights of property, for which the defendant must respond in damages. The plaintiff claims that the act of the defendant was willful and that under section 1668 of the Code of Civil Procedure, she is entitled to treble damages. The defendant sought to justify his demolition of the trees by stating that they were in his way and that he could not drive to his premises in the rear. Yet, he expressly admitted that he had not, in any instance, endeavored to drive to his dwelling-house and that after destroying the trees he had not removed the stumps or done anything to make the way more passable than it was before. From the testimony of the defendant it is apparent that his acts were intentional, forcible and deliberate, and, therefore, not casual and involuntary, nor can it be said that the defendant when he committed the injury had probable cause to believe that the land was his own.

The damages of the plaintiff are fixed at the sum of fifty dollars ($50), and as the facts hereinbefore considered, entitle the plaintiff to treble damages, her recovery will be for one hundred and fifty dollars ($150), besides costs.

Let decision and judgment be prepared in accordance herewith.

Judgment accordingly.