George P. Stjer, J.
In this action by plaintiffs seeking a court order compelling the defendants to remove gateposts and a gate extending across an easement and for incidental relief, defendants interposed a counterclaim also seeking injunctive relief restraining plaintiffs from alleged unlawful use of the said easement.
This case was submitted on an agreed statement of facts wherein defendants admitted having erected gateposts on either side of the easement with a locked gate extending across such easement, keys to which were offered to the other property owners. Plaintiffs conceded in said agreed statement of facts that they used the driveway easement for a pedestrian entrance to the rear of their house, permitted others to do likewise and *301 also permitted commercial vehicles and other vehicles, bicycles, motorcycles, baby carriages and shopping carts to use said driveway as a method of ingress and egress to and from plaintiffs’ home.
The easement provided as follows: ‘ ‘ And whereas the parties hereto intend to erect garages in the rear of one or more said brick houses, and in order to use said garage or garages hereafter to be erected by owners of one or more of the two family brick houses, it will be necessary to provide a right of way or exit. * * * shall be a driveway or right of way for ingress and egress by pleasure automobiles only for the benefit of the owners of each and every one of said 10 two-family brick houses, erected on premises hereinbefore described for the purpose of reaching 97th Avenue from the rear of their respective premises.”
The language of the easement distinctly forbids the use of the driveway for any purpose whatsoever except for “ ingress and egress for pleasure automobiles only ” to and from the garages. The use to which plaintiffs put the easement was clearly not within the express words of the instrument creating this easement. However, as stated in Bakeman v. Talbot (31 N. Y. 366, 370) : “ The doctrine that the facilities for passage where a private right of way exists, are to be regulated by the nature of the case and the circumstances of the time and place, is very well settled by authority.”
While garages are erected primarily for the storage of automobiles, nevertheless, it is well recognized that owners do store many other types of personal articles therein. This Court-is, therefore, of the opinion that, considering the nature and circumstances in this case, the use of the garage for storage of such articles as baby carriages and bicycles is a reasonable use of the garage and it necessarily follows that the plaintiffs should likewise be able to use the common driveway as a means of ingress and egress from the garage in storing such articles. However, the easement, in this court’s opinion, does not contemplate storing or leaving such articles on the driveway itself nor the use of such driveway as another means of entrance to their home, except in conjunction with the proper use of the garage. The use of this driveway easement by commercial vehicles, motorcycles, bicycles, baby carriages and shopping carts, not for the purpose of storage in the garage but as a means of ingress and egress to the rear of plaintiffs’ home, violates both the letter and the intent of the easement. The plaintiffs are, therefore, enjoined from such types of uses of the driveway easement.
*302 • It is a well-grounded principle of law that the persons for whose benefit the easement was created are entitled to the free and unobstructed use of such easement, and no one may unreasonably interfere with such use. The gate itself, unlocked, does not appear to this court as an unreasonable interference with the plaintiffs’ use. (Bakeman v. Talbot, supra; Grant v. Kustas, 224 App. Div. 762 ; Blydenburgh v. Ely, 161 App. Div. 91 ; Tenenbaum v. Seagate Assn., 253 App. Div. 166.) The easement does not extend from street to street and would not be used as a short cut by the general public. A lock upon such gate, even though a key is furnished to the other owners, does not seem reasonably necessary to prevent the unauthorized use of such easement, inasmuch as it appears that plaintiffs are the only ones making or permitting such unauthorized use of the easement, and the judgment to be entered hereon should prevent such conduct in the future. The defendants are therefore directed to remove such lock from the gate.