██. Donald D. McCormick et al., Respondents, v. John V. Trageser et al., Appellants Memorandum: Defendants appeal from a judgment of Wyoming Special Term which enjoined them from maintaining electric wires over a three-rod roadway owned by plaintiffs. In 1948 the lands now owned by the respective parties herein were held by a single owner who then conveyed two parcels thereof to defendants' predecessor in title. The parcels were separated by a three-rod roadway which ran west from Cattaraugus Road to the railroad running along the west side of both parcels. The north parcel extends from the railroad to Cattaraugus Road. The south parcel is landlocked and its only access to the northerly parcel and to the public highway is over the three-rod roadway. Defendants' deed granted an easment to them for a right of way for ingress and egress over the above described 49.5 feet wide roadway. Defendants have constructed a lumber factory on the landlocked parcel south of the roadway and have extended wires at right angles to and over it from their north parcel to transmit electricity to the lumber factory. The wires are 37 feet above the roadway which is also crossed by wires of the New York State Electric and Gas Company's transmission line running at approximately the same height along the west side of Cattaraugus Road which exists by virtue of an easement granted to the utility company by plaintiffs and defendants. It is apparent from the location and character of the property affected and the use to be made of it that the right of way for ingress and egress gave the appellants the right to travel over, along and

across the roadway and to transport all necessary materials and supplies between the public highway and their landlocked parcel of land and between their two parcels in any manner that would not increase the burden on respondents' servient estate. Here no excavation or obstruction has been imposed on the roadway. The transportation of electricity by wire over the roadway imposes no greater burden upon it than would the transportation of fuel oil or coal by truck or horse and wagon. It is apparent from the existence of the large lumber factory on the landlocked parcel that the roadway has been used without question for the transportation of a considerable amount of building material as well as supplies to satisfy the heat, light and power needs of it. It is also apparent that the only way to transport material from appellants' north parcel to their south parcel is over the roadway. "The conveyance of the right of way unquestionably gave the grantee not only a right to an unobstructed passage, at all times, over [plaintiffs'] land, but also, all such rights as were incident or necessary to the enjoyment of such right of passage." (*Herman* v. *Roberts*, 119 N. Y. 37, 42; *Bliss* v. *Greeley*, 45 N. Y. 671.) "Facilities for passage, where a private right of way exists, are to be regulated by the nature of the case and the circumstances of the time and place". (*Bakeman* v. *Talbot*, 31 N. Y. 366, 370.) The easement here was created in 1948 when electricity was in general use and was considered to be a necessity in residential and industrial use of property in the area where defendants' property is located. The easement gave defendants the right to transmit electricity by wires over the roadway as was done in this case. (Appeal from judgment of Wyoming Special Term granting injunction.) Present — Williams, P. J., Bastow, Henry and Marsh, JJ.