OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
The motion by defendants for summary judgment dismissing plaintiffs’ complaint is granted.
*235 The cause of action involves a driveway easement between plaintiffs’ property located at 323 East 238th Street and defendants’ property located at 325 East 238th Street. Plaintiffs’ complaint demands money damages on each of their two causes of action in the sum of $500,000. Plaintiffs seek an extinguishment of the easement and an order causing the defendants to regrade their driveway and remove the tree, wall and steps on defendants’ property so as to render defendants’ driveway usable. Plaintiffs allege that defendants’ tortious misconduct of permitting commercial vehicles to use the driveway and overburdening the easement by allowing “anyone and everyone” to pass across said driveway without plaintiffs’ consent has deprived plaintiffs of the quiet use and enjoyment of their premises.
Defendants seek summary judgment on the ground that, as a matter of law, plaintiffs are not entitled to the relief sought because a deeded easement cannot be extinguished except by conveyance, abandonment, condemnation or adverse possession, none of which are alleged in plaintiffs’ complaint.
Defendant Wilhelmina Keller and her husband, Karl Keller, parents of defendant Charles Keller, who inherited said property after the death of Wilhelmina Keller, purchased the property located at 325 East 238th Street in Bronx county, in 1942. The deed dated April 6, 1942 and submitted by defendants as exhibit 4 specifically contains an easement right-of-way which states as follows:
“Together with a perpetual right of way for ingress, egress and regress with right at all times to pass and repass on foot and with pleasure cars over strip of land adjoining above described premises on the west bounded southerly by the northerly side of Two Hundred and Thirty Eighth Street; northerly by a line drawn parallel with and one hundred feet northerly from the northerly side of Two Hundred and Thirty-Eighth Street; easterly by the westerly boundary line of above described premises and westerly by a line drawn along the easterly face of the most easterly portion of the easterly wall of the buildings on the premises adjoining on west, and lines drawn northerly and southerly in continuation thereof. SUBJECT TO a reciprocal easement benefitting the property on the west as expressed in Liber 1699 of Mortgages at page 304, Registers Office, Bronx County.”
*236 Defendants further submit a copy of the conveyance dated October 4, 1925 recorded at liber 574 of conveyances at page 332, the second page of which contains the relevant easement language. Said language in pertinent part states that said easement is to
“continue as long as either of said building shall remain standing. It is covenanted and agreed that said driveway is to be used solely as a means of ingress and egress and only and solely for pleasure automobiles and is not to be used for the storage thereon of said automobiles nor encumbered in any way.” (Defendants’ exhibit 8.)
Defendants argue that there are two garages in the back of their house which can only be accessed through the driveway on the westerly portion of the house as the easterly portion has a small alleyway that is too small to be used as a driveway, with a set of stairs at the rear, through which a vehicle cannot drive up or down. Defendants assert that the subject driveway was used for years without incident or protest. Defendants submitted photographs depicting the driveway at issue as well as an area they refer to as an alleyway on the easterly side of their property. Defendant Charles Keller is now attempting to sell his property but has been unable to do so because of plaintiffs’ actions and the current litigation. Defendants deny plaintiffs’ allegations that they in any way abused the easement and submit that, even if the allegations were true, they are insufficient to extinguish said easement.
The aforesaid allegations of abuse of said easement were the subject of a prior action in Bronx county, which involved Wilhelmina Keller, who is now deceased, settled by way of stipulation dated December 21, 1998 and “so ordered” by Judge Friedman on January 29, 1999. A copy of said stipulation is attached to defendants’ moving papers as exhibit 9. In addition, a previous summary judgment motion in the current action was submitted before Judge Howard Silver but was denied as premature and because some of the documents submitted by defendants were illegible. Judge Silver noted in his decision dated April 29, 2005 as follows:
“The Court notes that, as mentioned in this Court’s prior order, it appears that a portion of the easement is located on the defendants’ property. Plaintiffs’ comments that the easement is entirely on their property, that it was created by a mortgage document, and that ‘My title policy, from 1975, when *237 I purchased the property . . . does not convey in schedule A . . . any subject to clause subjecting my property to any easement’, appear disingenuous, in light of the property survey previously submitted, the contract of sale to plaintiffs which mention an easement, and schedule B of the title policy, which refers to several easements.” (Defendants’ exhibit 14.) :
It has been well established that “an easement created by grant, express or implied; can only be extinguished by abandonment, conveyance, condemnation, or adverse possession.” (Gerbig v Zumpano, 7 NY2d 327, 330 [I960].) Plaintiffs are not denying the existence of the easement but they are erroneous in their contention that the deed was created by way of a mortgage. The language of the deed from 1942 expressly states that there is a perpetual right-of-way which would give defendants access to their garage. Moreover, the easement , cannot be extinguished by mere misuse as thé only way to extinguish said easement is through abandonment, conveyance, condemnation or adverse possession, none of which is the situation in the case at bar.
Plaintiffs’ argument that the alleged alleyway on the easterly side of defendants’ .property cpuld.be converted to a driveway is without merit. Plaintiffs pontend that it was Charles Keller who built a brick wall halfway on his driveway in December of 2001 and that he planted a tree in, the curb cut thus blocking what should be defendants’ driveway. Defendant Charles Keller denies that contention and submits a. picture in his reply papers purporting to be from 1942 wherein he is seated at what he alleges to be the stairs at the end of the alleged alleyway in order to demonstrate that the alleyway and stairs were in existence at the time his parents purchased the home. However, these arguments are immaterial ,as the deed expressly provides for the easement on the westerly side of .defendants’ property regardless of whether or not plaintiffs believe that defendants can construct a driveway out of the alleged alleyway on the easterly side of their home.
Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue. (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978].) “To obtain summary judgment it is necessary that the movant establish his cause of action or defense ‘sufficiently to warrant the court as a matter of law in directing judgment’ in his favor . . . and he must do so by tender of evidentiary proof in admissible *238 form.” (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979].) Once the movant has made this showing, the burden shifts to the party opposing the motion “to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action.” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].)
In the case at bar, plaintiffs attempt to create an issue of fact where none exists. They assert that there is an issue of fact as to whether the stipulation “so ordered” by Judge Friedman in 1999 was violated and whether that stipulation itself “runs with the land.” They assert that there is a question of fact as to whether the easement itself has been extinguished by the actions of the defendant and a question of fact as to whether Charles Keller is bound by the “so ordered” stipulation which plaintiffs believe was the intent of the parties. The stipulation entered into by Wilhelmina Keller provided restrictions to the use of the driveway easement and involved Wilhelmina Keller only as the defendant. Although said stipulation does state that Wilhelmina Keller, her relatives, agents, servants, tenants and/or lessees may use the driveway for ingress and egress during limited hours and for limited amounts of time, nothing in the stipulation evidences an intention that Wilhelmina Keller’s heirs were bound by that stipulation. Plaintiffs have cited to no authority to support their position that such a “so ordered” stipulation would “run with the land” or would bind any heirs of one of the parties who entered into said stipulation.
In addition, plaintiffs have not cited to any authority to support their position that a misuse or overuse of an easement is sufficient to extinguish a deeded easement. The case plaintiffs cite, Falco v Minzner (28 Misc 2d 300 [Sup Ct, Queens County 1961), merely states that actions of misuse or overuse would be enjoined. Plaintiffs, in the cause of action herein, are not requesting that defendants abide by the terms of the easement nor are they seeking to enjoin any alleged misuse or overuse of the easement. They are instead seeking to extinguish the easement altogether. However, they have not shown any basis in law for the extinguishment of said easement.
Since plaintiffs have failed to establish that a genuine issue of fact exists, the motion by defendants for summary judgment is granted as a matter of law.