## AMONDSON v. SEVERSON.

1. **Easement: RIGHT OF WAY: CONTRACT.** The plaintiff granted to the defendant a private right of way across the cultivated farm of the former. The plaintiff placed a gate at the east end of the way, where it entered the public highway. *Held,* that the defendant was not entitled to an open way, but was bound to close the gate erected by plaintiff and opening to the highway as often as he should open and pass through the same.

2. —— That the contract stipulated that defendant should erect and maintain a gate at the west end of the way, at the point where defendant left his own premises to pass over the right of way, but was silent as to the erection of a gate at the other end where it entered the highway; would not change the rule.

## *Appeal from Allamakee District Court.*

### FRIDAY, DECEMBER 12.

THE plaintiff brings this action to recover damages which he alleges he has sustained by reason of the defendant failing and refusing to close a gate at the end of a private right of way which defendant is entitled to across the premises of the plaintiff, whereby the plaintiff's crops were exposed and injured. The cause was submitted to the court without a jury on the pleadings and agreement of the parties. The court rendered judgment for plaintiff. The defendant appeals. The facts of the case appear in the opinion.

*Camp & Watts* and *John T. Clark* for the appellant.

*George B. Edmunds* for the appellee.

MILLER, J. — The records show that prior to March 10, 1870, the plaintiff and the defendant were owners of adjoining farms. There was a public road along the east line of plaintiff's farm. The farm of the defendant was west of that of the plaintiff. The defendant had no road or way from his farm to the highway, the farm of the plaintiff lying immediately between defendant's farm and the highway. On the day above mentioned the parties made and entered into the following agreement in writing, viz.:

" This agreement made the 14th day of March, A. D. 1870, between Erick Amondson, of Paint Creek township, county of Allamakee, and State of Iowa, and Ole Severson, of said township, county and State: Witnesseth, That whereas the said Erick Amondson is the owner of the west one-half of the west one-half of section No. four (4), township No. ninety-

seven (97), of range four (4) west, and the said Ole Severson is the owner of the east half of section No. five (5), township No. ninety-seven (97) north, range four (4) west: Now, therefore, the said Erick Amondson, in consideration of the rights and privileges hereinafter named, doth for himself, his heirs, executors, administrators and assigns, covenant and agree to and with the said Ole Severson, his executors, administrators and assigns, that the said Ole Severson, his heirs and assigns, shall and may freely and lawfully make use of the following described strip of land, to wit: a strip twenty feet wide, commencing at the quarter post between sections 4 and 5 of the above-named township, thence east along the quarter line of said section No. 4, and immediately south of said line till it intersects road No. 201, a distance of 80 rods, as a private road or right of way, to be continued and used as such forever by said Ole Severson, his heirs and assigns. And the said Ole Severson, for and in consideration of the granting of the right of way above named, doth for himself, his heirs, executors, administrators and assigns, covenant and agree to and with the said Erick Amondson, his heirs and assigns, that the said Erick Amondson, his heirs and assigns, shall and may freely and lawfully make use of the following described strip of land, to wit: A strip of land 20 feet wide, commencing 22 rods north of the quarter post, between sections 4 and 5, thence west to a spring of water, situated on said Ole Severson's land, 5 or 6 rods due west from said place of commencement, as a right of way to and from said spring of water, for said Amondson's benefit in watering his stock and for household purposes, to be used as such forever by the said Erick Amondson, his heirs and assigns; and the said Erick Amondson and Ole Severson do hereby mutually covenant and agree with themselves, their heirs and assigns, that the said Erick Amondson, his heirs and assigns, shall build, erect and maintain forever a good and substantial gate at the east end of the right of way to the spring of water aforesaid; and that the said Ole Severson, his heirs and assigns, shall build and maintain forever a good and substantial gate at the west end of the right of way to road

No. 201 aforesaid. It is further mutually understood and agreed between the aforesaid parties that this agreement shall be made perpetual, and at all times be construed into a covenant remaining with the land.

" In witness whereof, etc.

" ERICK AMONDSON.<br>" OLE SEVERSON."

The parties on the trial stipulated that the plaintiff's land at the time of making the above agreement was and still is inclosed and improved agricultural lands ; that the plaintiff erected a gate at the east end of the right of way granted to the defendant at road No. 201 ; that said gate was a suitable and convenient one ; that when the same was left open the plaintiff's inclosed fields were exposed and will remain exposed unless said gate is shut, or unless the plaintiff shall erect a fence along on each side of the right of way granted to the defendant. It was further stipulated that the question to be submitted to the court is whether the defendant is required to close the gate in question at the east end of the right of way as he passes through the same, and is not entitled to an open way ; and if the court so finds, judgment to be entered for plaintiff for one dollar and costs, but if the court finds that defendant is entitled to an open way and not required to shut said gate, then judgment to be entered for defendant for costs.

The court below was of opinion that the defendant was not entitled to an open road across the premises of the plaintiff, and was required to close the gate in question when passing through the same, and rendered judgment accordingly.

The doctrine is well settled upon authority that the facilities for passage where a private right of way exists are to be regulated by the nature of the case and the circumstances of the time and place. *Cowling* v. *Higinson*, 4 Mees. & Wels. 245 ; *Hemphill* v. *The City of Boston*, 8 Cush. 195. It is of course competent for the parties to regulate the facilities as well as the right of passage by contract, but where contract creates the right and is silent as to the facilities of passage, all of the cir-

cumstances will be taken into consideration in their determination.

The easement granted to the defendant by the contract above set out is a right of way — a right of passage without defining the manner of its enjoyment, whether with or without gate or bars at the place where it intersects the public highway. Nothing passes as an incident to such a grant but what is requisite to its fair and reasonable enjoyment. The fee of the land still remains in the grantor, the plaintiff, and he may use the same and appropriate it to such purposes as he pleases, consistent with the defendant's right of passage to and fro. This right of passage is all that is granted or stipulated for in connection with this way, in favor of defendant. The defendant claims that he is entitled to an open road through the farm of plaintiff to the public highway. His claim amounts to this : that the lands of the plaintiff shall be thrown open, exposed to cattle running at large on the public highway, or that he shall be required to erect a fence on each side the whole length of the right of way, leaving the entrance open at the east end. The first proposition would deprive the plaintiff of the use of his lands for cultivation, while the second would entail upon him an expense in building and maintaining fences almost as damaging in its consequences. To admit the claim of the defendant is unreasonable and contrary to established principles. The defendant, in his contract with the plaintiff, has not stipulated for such sacrifices on the part of the plaintiff. By the agreement he is entitled to a right of way across the plaintiff's farm; with this grant passes only what is necessary to the fair and reasonable use of the easement.

The right of passage granted cannot fairly or reasonably extend to the destruction of plaintiff's farm for agricultural purposes, or compel him to incur the expense of erecting and forever maintaining a fence on each side of the way through his farm. This is a burden not provided for in the contract.

It is urged, however, by counsel for appellant, that since the plaintiff had it stipulated in the contract that defendant should erect a gate at the west end of the right of way, therefore, nc

other gates were intended to be erected. We cannot concur with the learned counsel in this view. By the contract, the defendant stipulated, that at the place where he entered the right of way from his own premises he would erect and maintain a gate. The evident purpose of this stipulation was to prevent the cattle of defendant going from his premises upon those of the plaintiff; but this obligation of the defendant to erect a gate at the west end of the right of way is in no manner inconsistent with the right of the plaintiff to erect a gate at the east end thereof, where it intersects the public highway. Again, the stipulation that the defendant should erect a gate at the west end strengthens the view we have taken of the case, for if plaintiff was required to give defendant an open way, and fence the same on each side through his own farm, he would have no interest or concern in requiring a gate to be maintained by defendant at the west end of the right of way. If plaintiff would be compelled to fence the way through his farm and leave the east end open to the public road, he would have no interest in requiring the west end to be closed with a gate where it entered defendant's premises. The defendant alone would be interested in maintaining a gate at this point, whereas the stipulation in the contract that the defendant shall maintain this gate is plainly for the benefit of the plaintiff. In support of the views here expressed see *Bakeman* v. *Talbot*, 31 N. Y. 366, a case strongly in point. See also *Houps* v. *Alden*, 22 Iowa, 160 ; Washburne on Easements, 252.

The judgment of the court below will be

Affirmed.