Filed March 11, 1890.

---

No. 14,117.

## PHILLIPS v. DRESSLER.

EASEMENTS.—*Private Way.—Intersection of With Public Road.—Maintaining Gate.*—The owner of the fee may maintain a gate at the place where the private way intersects a public road, the maintenance of a gate at such point being a reasonable and legitimate exercise of the right which resides in the owner of the fee.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood*, for appellant.
*T. S. Fancher*, for appellee.

Phillips *v.* Dressler.

ELLIOTT, J.—The appellant is the owner of sixty acres of land over which there is a private right of way extending north from a public road. The right of way was created by the grantor of the appellant prior to the latter's acquisition of title. A provision in one of the deeds reads thus: "Excepting and reserving the road as now running over said land from said Dutton's house, where he now lives, to the State road." In another deed the provision is expressed in these words: "Also right of way over the road as now established from the house of the grantor to the Joliet road." The evidence shows that the way was a private one, and that for much of the time a gate was maintained across the way at the point where it intersected the public road, but that at some season there was no gate at that place. The controversy is as to the right of the appellant to maintain a gate at the point named.

Our judgment is that the owner of the fee may maintain a gate at the place where the private way intersects the public road. It may be true that the owner of the servient estate can not maintain an unreasonable number of gates, or otherwise unnecessarily interfere with the use of the way by the owner of the dominant estate, but we think it entirely clear that maintaining a gate at the place where the private way intersects a public road is a reasonable and legitimate exercise of the right which resides in the owner of the fee. We have found no substantial diversity of opinion upon this question, for the authorities are well agreed that it is the right of the owner of the servient estate to swing a gate across the private way. The law upon this subject is thus stated by an English author: "But in cases of a general grant, express or implied, or of necessity, the rule seems to be that gates or bars may be lawfully erected at the termini of such ways without any liability for obstructing the way, and the way-owner would be liable in trespass for unlawfully removing the same. The great preponderance of convenience to the land-owner over the slight inconvenience to

the way-owner, seems to make it reasonable in the eye of the law that such should be the rule. And if the land-owner may rightfully erect and continue such *quasi* obstruction without any liability, it seems to follow that the way-owner must duly replace the same after he has passed; and if damage ensue for his neglect of this duty, he would be liable to the land-owner therefor." Goddard Easements (Bennett's ed.) 331. The American cases state the rule in stronger terms than those employed by the author from whom we have quoted. *Whaley* v. *Jarrett*, 69 Wis. 613, and cases cited; *Short* v. *Devine*, 146 Mass. 119.

Judgment reversed.

Filed March 11, 1890.