Johnson vs. Borson.

JOHNSON, Respondent, vs. BORSON, Appellant.

*September 30 — October 14, 1890.*

*Right of way: Obstructions: Remedy: Right to maintain gate: Court and jury: Appeal from J. P.*

77  593
88  428
77  593
99  408

1. Where the owner of land obstructs a way over the same to a highway, the person having the right of way may cross the land of the same owner at some other convenient place to reach the highway.
2. The owner of land subject to a right of way to a highway is *held* to have had the right, in order to protect his enclosed land, to maintain a reasonable gate or bar-way at a point practically at the end of the private way — the land between such gate and the highway being unenclosed.
3. The question whether a gate or bar-way across a right of way is an unreasonable obstruction or not, is usually one of fact for the jury.
4. Upon appeal to the circuit court, if there is no trial *de novo*, the verdict of the jury in a justice's court must stand, unless it is clearly unsupported by the evidence.

APPEAL from the Circuit Court for *Dane* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was commenced in the municipal court of Dane county to recover damages for an alleged trespass upon the lands of the plaintiff, and for throwing down the bars and fences thereon, by reason whereof the plaintiff's domestic animals escaped from his inclosure and trod down and destroyed the crops growing and being thereon.

The defendant answered that, at the time and place mentioned in the complaint, the defendant had a right of way over the lands described in the complaint, when and where the alleged trespasses were committed; and that the plaintiff, disregarding the right of the defendant to pass along said right of way, " unlawfully obstructed said way by placing therein, at a point about midway between the termini thereof, a bar-way, with large and heavy bars, so large and heavy as to make it unreasonable to require this defendant, and those going over said way to and from his said premises, to take them down and replace them; and that this defendant had no other way of ingress or egress to and from his said land from the highway or any public road; and that, in the exercise of his lawful right, he took down and removed said bars, doing no unnecessary damage to the plaintiff."

By an amended answer the defendant alleged " that, prior to 1886, he (this defendant) was the owner of the premises described in the complaint, also the lands which he still owns, lying north and west of said fourteen-acre tract; that such other lands, lying west and north, are wholly shut out from the highways, and the only way of getting in and out to the highway was over said fourteen-acre tract; that this defendant conveyed said premises, the fourteen-acre tract described in the plaintiff's complaint, to one John Peterson, the plaintiff's grantor, retaining the lands to the north and

the west, as aforesaid, and still owns and occupies the same, and they are still shut out from all public highways, as aforesaid; that the defendant thereby reserved and re-. tained a right to pass and repass over said fourteen-acre tract to the highway, as of necessity; and that the plaintiff wrongfully obstructed his said right of way; and that this defendant only removed such obstructions, doing no damage."

The case was tried by a jury in the municipal court, and they returned a verdict in favor of the defendant upon all the evidence in the case. The plaintiff appealed from the judgment of the municipal court to the circuit court of Dane county, but made no affidavit so as to entitle himself to a new trial of the whole case in the circuit court. The testimony in the municipal court was taken by a short-hand reporter, and the entire testimony on the trial in the municipal court was certified and returned, with the pleadings and other proceedings, to the circuit court, and the learned judge of the circuit court tried the case upon the evidence so taken on the trial in the municipal court.

Upon the trial in the circuit court, the learned circuit judge made and filed his findings of fact and conclusions of law as follows:

"I find the following facts: (1) I find plaintiff and defendant owners of respective premises, as stated and alleged in the pleadings; (2) that the fourteen-acre piece of land described in the pleadings adjoins the public highway, and lies between it and the land owned and occupied by the defendant, and that the defendant owned said fourteen-acre piece of land, together with the land now occupied by him, prior to the sale by him of said fourteen-acre piece of land to the plaintiff's grantor; (3) that said lands of the defendant are adjacent to no public highways, and defendant has not now, nor has he had since he sold said fourteen-acre piece, any way by which to reach a public highway except

by crossing said fourteen-acre piece; (4) that by reason of the foregoing the defendant has a right of way by necessity over a portion of plaintiff's premises, that is, over said fourteen-acre piece to the highway; (5) that plaintiff erected and maintained the bars in controversy on the line between the said fourteen-acre piece of land and a 'flat-iron' shaped piece of land, never owned by said defendant or his grantors, which lies adjoining said fourteen-acre piece on the east, and is included in the lands owned by the plaintiff; (6) that the bars were used in connection with a fence on plaintiff's land, and that such use of the premises was a reasonable and proper use, and that they were not an unreasonable obstruction to defendant's use of right of way; (7) that the bars erected and maintained by plaintiff in this case are so located and constructed as to be reasonable and proper in such location and construction, in view of the purpose for which the premises are used by the plaintiff and the use of the right of way by the defendant; (8) that defendant has repeatedly neglected to replace the bars when he removed the same or caused the same to be removed, to the damage of the plaintiff; (9) that across said 'flat-iron' shaped piece of land, on the east of the fourteen-acre piece, the defendant has no right of way, except as plaintiff has given defendant license to travel there, or when, by mutual agreement, defendant's passage to the highway across the fourteen-acre piece has been fenced up; (10) that plaintiff has at various times in previous years, as the proper use of his land demanded it, maintained bars at the same place where they now are, and defendant kept up such bars, as he had occasion to use his right of way, when required to do so by plaintiff.

" From the foregoing I find as conclusions of law (1) that it was the duty of the defendant to keep up and replace said bars as erected and maintained by plaintiff; (2) that the plaintiff has suffered damage by the refusal of the de-

fendant to so keep up said bars; (3) that the verdict and judgment of the municipal court were not warranted by the law and the evidence; and (4) that the plaintiff is entitled to judgment in this court reversing and setting aside the judgment of said municipal court, with costs, as provided by law. Let judgment enter accordingly. ROBERT G. SIE-BECKER, Judge."

The defendant excepted to the 6th, 7th, 9th, and 10th findings of fact, and to the 1st, 2d, 3d, and 4th conclusions of law. The circuit court entered judgment for the plaintiff, reversing the judgment of the municipal court, with costs in favor of the plaintiff, and the defendant appeals to this court.

For the appellant there was a brief signed by *Luse & Wait*, and oral argument by *L. K. Luse*. They argued, among other things, that though there are several adjudged cases holding that the owner of the fee may maintain gates or bars at the termini of the way, none of them support the doctrine that the gates or bars may be placed at any intermediate points across the way. And this court in *Joice v. Conlin*, 72 Wis. 607, intimates quite strongly, if it does not hold, that a gate cannot be maintained across the way except at the termini.

For the respondent there was a brief by *Richmond & Smith*, and oral argument by *J. B. Smith*. To the point that unless the land-owner is restrained by the terms of a conveyance granting a right of way, or unless the right of way is acquired by prescription and no gates have been used during the requisite term, he has the right to erect and maintain suitable gates or bars such as are necessary to the proper and reasonable use of his land, they cited *Bakeman v. Talbot*, 31 N. Y. 366–369; Goddard, Easem. 331; 3 Kent's Comm. 419; *Maxwell v. McAtee*, 9 B. Mon. 20; *Garland v. Furber*, 47 N. H. 301; *Whaley v. Jarrett*, 69 Wis. 613; *Short v. Divine*, 146 Mass. 119; *Huson v. Young*, 4

Lans. 63. Whether *intermediate* gates or bars may be maintained depends entirely on the terms of the grant, the custom in that particular place, and the reasonableness or necessity of their use.

TAYLOR, J. The only errors alleged by the counsel for the appellant for the reversal of the judgment of the circuit court are: "(1) The court erred in holding that the erection of the bars in question was a reasonable and proper use of the plaintiff's premises, and not an unlawful obstruction to the defendant's right of way. (2) The court erred in holding that it was the duty of the defendant to keep up and replace such bars. (3) The court erred in holding that the verdict and judgment of the municipal court were not warranted by the law and the evidence."

The finding by the circuit court that the defendant had a right of way by necessity over plaintiff's fourteen-acre piece to the highway, must be taken as established by the evidence in the case, as neither party has excepted to such finding of fact. For the purposes of this appeal, that must be taken as a verity.

The ninth finding of fact, in view of the undisputed evidence in the case, also establishes the fact that at the time of the alleged trespass the defendant had a right of way across the triangular piece of land lying between the fourteen-acre piece and the highway, as the evidence clearly shows that the plaintiff had fenced the fourteen acres from the highway, except at the point where the bar-way led from said fourteen-acre tract across the triangular piece to the highway. The plaintiff having obstructed the defendant's way of necessity to the highway across the east side of said fourteen-acre tract, south to the highway, he might of right cross the plaintiff's land at some convenient place to reach such highway. This proposition is sustained by the following decisions in this court: *Jarstadt v. Smith*, 51

Wis. 96, 98, and cases cited in the opinion in that case. See, also, *Dillman v. Hoffman*, 38 Wis. 559.

It having been established that the defendant had a right of way over the place where the bar-way was placed by the plaintiff, the only other material questions in the case are as to the right of the plaintiff to maintain a bar-way at that place, and, if he had that right, then whether the bar-way was a reasonable one under all the evidence in the case. Under the evidence in the case, we think the maintaining by the plaintiff of a gate or bar-way at the place in controversy would not be an unwarrantable obstruction of the way, as the evidence shows that the bar-way was practically at the end of the private way. The evidence seems to show that the land between the bar-way and the highway was unenclosed, and so the protection of the plaintiff's enclosed land would justify a gate or bars at the place mentioned.

The only other queston is, Was this bar-way a reasonable, or was it an unreasonable, obstruction of the defendant's right of way? It will be seen that the defendant, as a justification for leaving the said bars open when he passed through the same, claims that they were unreasonably heavy, and consequently the obstruction of the way was an unreasonable obstruction. We must presume that this question of the reasonableness of the bar-way was a question litigated in the municipal court; and an examination of the evidence taken on the trial in that court shows very clearly that the question of the reasonableness of the obstruction was contested on such trial. The jury in the municipal court, having found a verdict for the defendant, must have found that the obstruction was an unreasonable one. They must have found, as the circuit court did, that the *locus in quo* was the private way of the defendant; and, if the law be as it is claimed by the plaintiff to be, that in the absence of any express agreement on the subject the owner of the soil may place such reasonable gate or bars across such

right of way as is fairly necessary to protect the crops and cultivated lands of such owner, then the jury must also have found the bars in question were an unreasonable obstruction. That the reasonableness or unreasonableness of the obstruction is a question of fact for the jury in almost all cases cannot be controverted. See *Bakeman v. Talbot*, 31 N. Y. 366; *Baker v. Frick*, 45 Md. 343; *Huson v. Young*, 4 Lans. 63; *Brill v. Brill*, 108 N. Y. 511; *Whaley v. Jarrett*, 69 Wis. 613; Washb. Easem. 256.

The jury having found for the defendant upon this question, their verdict on that question must stand, unless it is clearly unsupported by the evidence. That there is sufficient evidence to support their finding that the bars were an unreasonable obstruction can hardly be controverted. Under the rule established by this court as to the power of the circuit court to reverse the judgment of a justice's court upon questions of fact, it seems to us very clear that the learned circuit judge erred in reversing the judgment of the municipal court upon that question. See *Stebbins v. Killeen*, 68 Wis. 682; *Campbell v. Babbitts*, 53 Wis. 276. The jurisdiction of the municipal court in the trial of civil actions is the same as that of a justice's court, except that it may try cases where title to real estate comes in question. There certainly was sufficient evidence to sustain the verdict of the jury, and that is sufficient to make their finding binding upon the circuit court upon appeal. We are clearly of the opinion that the circuit court erred in reversing the judgment of the municipal court upon the reasonableness of the obstruction placed in the right of way by the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to that court to affirm the judgment of the municipal court.