Frazier *et al. v.* Myers *et al.*

No. 15,399.

FRAZIER ET AL. *v.* MYERS ET AL.

EASEMENT.—*Right of Way.— User.—Construction Placed Upon Contract by Parties.—Adoption of by Court.*—Where a deed reserved a right of way, and provided that the same should not be fenced, and for forty years it had been maintained with gates placed across the way " at each terminus thereof," such a construction has been given the provision in the deed as precludes any of the parties from insisting that the way shall be kept entirely open, without gates at either end. The deed refers to the way as an existing one, and means, as the acts of the parties covering a period of many years clearly show, a private way, protected by gates at each end, to be opened only for the purpose of using the way. Where parties give their contract a construction, the courts will adopt that construction, and hold the parties to it.

From the Dearborn Circuit Court.

*N. S. Givan* and *J. K. Thompson,* for appellants.

*G. M. Roberts, C. W. Stapp, H. D. McMullen* and *W. R. Johnston,* for appellees.

ELLIOTT, J.—The second paragraph of the appellees' complaint contains these allegations: That the appellees became the owners of the real estate described subsequent to the 18th day of February, 1864; that on that day the land was owned by John Frazier, Daniel Frazier and Frederick Barringer, as tenants in common; that in a partition of the land deeds were executed by these persons; that one of the deeds was executed to Daniel Frazier by John Frazier and Daniel Barringer; that for a long time prior to the execution of the deed there had existed a private right of way appurtenant to the land, and it had been used by the owners and occupants thereof; that the way is still used by the appellants; that it leads to a highway, and extends across an enclosed field; that gates had been placed across the way " at each terminus thereof," and there maintained for more than twenty years; that in the deed conveying the land a reservation of the right of way was duly made; that

the appellants have left the gates open and unfastened; that they claim a right to keep the way open; that their wrongful acts in so doing have caused and will cause, unless they are prevented by an injunction, serious injury to the appellees.

We must act upon the allegations of the complaint as confessed by the demurrer, and these allegations make it appear that, by the long continued user and by the acts of the parties, such a construction has been given the deed as precludes the appellants from insisting that the way shall be kept entirely open. The right of the parties, upon the case made by the complaint, is to a private way, but not to an entirely open way, inasmuch as the facts pleaded show that the way is to be closed at either end by gates to be opened only for the purpose of using the way. The construction given the grant by the parties is the one upon which the courts must act in such a case as that made by the complaint. Where parties give their contract a construction, the courts will adopt that construction and hold the parties to it. *Johnson* v. *Gibson*, 78 Ind. 282; *Reissner* v. *Oxley*, 80 Ind. 580; *Will-cuts* v. *Northwestern, etc., Ins. Co.*, 81 Ind. 300; *Ætna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347; *Vinton* v. *Baldwin*, 95 Ind. 433; *Louisville, etc., R. R. Co.* v. *Reynolds*, 118 Ind. 170; *Chicago* v. *Sheldon*, 9 Wall. 50.

The facts stated in the special finding make a stronger case for the appellees than the complaint does, for the special finding shows the mode in which the way was maintained and used for more than forty years to be that which the appellees contend is the one in which it is to be used and maintained. The appellants, however, contend that the words of the grant convey a right to a road without gates or obstructions of any kind. The words of the deed are these: "Said John D. Frazier, reserving the right of way, wagon way, where the road now lies through the aforesaid forty-five acres; said road not to be fenced." We think that if there were no contemporaneous exposition of the deed by the acts

of the parties, the contention of the appellants could not prevail. If their construction is correct, then there can be no fences, lateral or transverse, and the lands of the servient owner would be left entirely open and exposed on every side, and this, it is evident, was not the intention of the parties. We think it very clear that what was meant was that the way should not be closed at the ends by a permanent fence, and that there was no intention to permit the way to remain entirely open. The deed refers to the way as an existing one, and means, as the acts of the parties covering a period of many years clearly show, a private way, protected by gates at each end. In the absence of a contract forbidding it, the owner of the servient estate would have a right to swing gates across the way. *Phillips* v. *Dressler*, 122 Ind. 414. The usage under the contract shows that the parties had in mind, from first to last, a way closed by gates conveniently arranged for opening when necessary to permit a use of the way.

We are satisfied that the law is entirely with the appellees upon the merits of the case.

Judgment affirmed.

