BOYD *v.* BLOOM.

[No. 18,680.   Filed February 1, 1899.]

EASEMENT.—*Right of Way.*—*Gates.*—Where one grants a right of way across his land, he may shut the termini of the same by gates, which the grantee must open and close when he uses the same, unless an open way is expressly granted.  *p. 154.*

SAME.—*Deed.*—*Construction.*—*Right of Way.*—A provision in a deed that the grantee should have a free and undisturbed right to use a certain way out to the public highway is not the grant of an open way preventing the grantor from maintaining a reasonable number of gates across the way.  *pp. 154-156.*

PLEADING.—*Complaint.*—*Theory.*—Plaintiff must recover, if at all, on the theory of his complaint.  *p. 157.*

From the Noble Circuit Court.   *Reversed.*

*H. G. Zimmerman,* for appellant.

*H. C. Peterson,* for appellee.

MONKS, C. J.—Appellant sued appellee to enjoin him from removing a gate erected across a private way, and for damages.   After the issues were joined the court tried said cause, and made a special finding of the facts and stated conclusions of law thereon in favor of appellee, to each of which appellant excepted.   Judgment was rendered in favor of appellee.   The errors assigned call in question each conclusion of law.

It appears from the special finding that one Shanower owned two adjoining tracts of land, and that the north end of one of said tracts abutted upon a public highway.   In 1890 said Shanower sold and conveyed to appellant's grantor, the tract abutting upon said highway, without any reservation in the deed, and at the same time sold and conveyed to appellee the other tract, providing in said deed that appellee "should have a free and undisturbed right to the use" of a way out to the public road on the tract conveyed to appellant's grantor, fifteen feet wide and about one hundred rods long.   The deed to appellant's grantor was executed Oct. 14, 1890, and the deed to appellee was signed and acknowledged on Oct. 14, 1890, but was not delivered until the next day, Oct. 15. At the time that said deeds were executed said way was fenced on both sides from the land sold to appellee, north to the highway, leaving a passage way about fifteen feet wide between said fences, and so remained until April, 1895, when the west fence along said lane was taken down and removed by appellant who then owned the same, without the consent and over the objection of appellee, and has not since been replaced; that at the time said deeds were made gates or bars were maintained across said way about eighteen rods south of the highway where they remained until 1893, when they were placed by appellant's grantor at the north end of

said way, next to the highway, without the consent of appellee.    There was no understanding or agreement between appellee and appellant or his grantor, that a gate should be maintained on any part of said way; that the gate across the north end of said way next the highway was removed by appellee October, 1896, before the commencement of this action.

It is the rule established by the authorities that where one grants a right of way across his land he may shut the termini of the same by gates, which the grantee must open and close when he uses the same, unless an open way is expressly granted.    *Phillips* v. *Dressler*, 122 Ind. 414, 17 Am. St. 375; *Frazier* v. *Myers*, 132 Ind. 71, 73; *Maxwell* v. *McAtee*, 9 B. Mon. 20, 48 Am. Dec. 409; *Garland* v. *Furber*, 47 N. H. 301; *Bean* v. *Coleman*, 44 N. H. 539; *Amondson* v. *Severson*, 37 Iowa 602; *Houpes* v. *Alderson*, 22 Iowa 160; *Bakeman* v. *Talbot*, 31 N. Y. 366, 88 Am. Dec. 275, and note, p. 282; *Brill* v. *Brill*, 108 N. Y. 511, 15 N. E. 538; *Huson* v. *Young*, 4 Lans. 63; *Baker* v. *Frick*, 45 Md. 337, 24 Am. Rep. 506; *Frank* v. *Benesch*, 74 Md. 58, 28 Am. St. 237, and note, p. 239, 21 Atl. 550; *Short* v. *Devine*, 146 Mass. 119, 15 N. E. 148; *Green* v. *Goff*, 153 Ill. 534, 39 N. E. 975; *Whaley* v. *Jarrett*, 69 Wis. 613, 2 Am. St. 764, and note, p. 766, 34 N. W. 727; *Johnson* v. *Borson*, 77 Wis. 593, 20 Am. St. 146, and note, p. 151; *Sizer* v. *Quimlan*, 82 Wis. 390, 33 Am. St. 55, 52 N. W. 590; *Connery* v. *Brooke*, 73 Pa. St. 80; *Hartman* v. *Fick*, 167 Pa. St. 18, 46 Am. St. 659, and note, 31 Atl. 342; *Kohler* v. *Smith*, 3 Pa. Sup. Ct. 176; Washburn on Easements (4th ed.), pp. 255, 256, 291, 292; Goddard on Easements (Bennett's ed.), 330, 331; Jones on Easements, sections 400, 401, 405, 406.

It is insisted, however, by appellee that the words of the grant that he "should have a free and undisturbed right to use" the way, was an express grant of an open way, and ap-

pellant had no right, therefore, to maintain gates across the same.

It is said by Mr. Washburn, in his work on Easements, page 255, "where the grant was of 'a free and unobstructed way' it was held that the owner of the land might maintain gates across it, unless this would be inconsistent with the purposes for which the way was granted. *Garland* v. *Furber*, 47 N. H. 304."

In *Brill* v. *Brill*, 108 N. Y. 511, 15 N. E. 538, it was held that when the provision in a deed was that the owner of the dominant estate was to have "free ingress and egress" over the servient estate, the owner of the servient estate had the right to maintain gates across the way which the owner of the dominant estate, then using the way, was required to open and close; that under said provision the sole right of the owner of the dominant estate was a right of passage. The court said, at page 519, "His grantor secured to him an easement of way, that is the right to use the surface of the soil for the purpose of passing and repassing, and the incidental right of properly fitting the surface for that use. The plaintiff, as owner of the soil, has all the rights and benefits of ownership consistent with such an easement. (*Atkins* v. *Bordman*, 2 Metc. (Mass.) 457; *Bakeman* v. *Talbot*, 31 N. Y. 366. Among others must be the right to have his lands fenced or unfenced at his pleasure."

It was held in *Connery* v. *Brooke*, 73 Pa. St., at page 84, that a grant of the free right of passageway with free ingress and egress at all times, did not imply that a gate across it was an obstruction. The court said "The fact that the gate was there at the date of the grant, and that it was allowed to remain, cannot change the plain meaning of the words of the grant, but it may help us to ascertain the intention of the parties, if there be any doubt as to their meaning.   *   *   * But what is meant by the free use of a passageway? Does it necessarily mean that there shall be no gate or door hung across it, or if there is, that it shall always be kept open? Has

Boyd *v.* Bloom.

not the owner of a passageway its free use if he hangs a gate across it at its intersection with the street? If I grant the free use, right and privilege of the hall of my house, with free ingress and egress at all times, must I take off the door leading into it, or keep it wide open in order that the grantee may have the free use of it? Or can he not have its free use if he can enter it by opening the door whenever he chooses? Without doubt I cannot unreasonably obstruct his use of it, but if the door amounts practically to little or no inconvenience, it seems to me that it is not necessarily a wrongful obstruction. Free is a relative term when applied to the use of a thing. It does not follow that I have not the free use of a room because I have to open a door in order to get into it; nor does it follow that I have not the free use of an alley because I have to open a gate to go in and out of it. A gate may be so placed as to be a practical and unreasonable obstruction to the free use of a passageway; and it may be so constructed and placed as not to amount to any practical obstruction to its use. Whether a gate in this case amounted to a wrongful obstruction was, therefore, a question of fact for the jury. If it was not a practical hindrance, and under the circumstances, an unreasonable obstruction to the plaintiff's use of the passageway, then it was not a wrongful or illegal obstruction for which an action will lie."

It is clear we think, from the authorities cited, that the terms of the grant did not entitle the appellee to an open way out to the public road, and that appellant had the right to maintain gates across the way at the termini thereof. It is true that the owner of the servient estate has no right to maintain an unreasonable number or kind of gates, or to place the same so that they unnecessarily interfere with the use of the way by the owner of the dominant estate, but there is no finding that the gates across the way in controversy were not of a proper width, or were of a kind or so placed, as to be a practical or unreasonable obstruction to appellee's use of the way over appellant's land.

It is insisted, however, by appellant that the deed from Shanower to appellee conveyed no right of way over appellant's land, for the reason that the special finding shows that Shanower had no title to the land owned by appellant when he executed the deed to appellee for said way. Whether or not this insistence of appellant is correct, we need not determine for the reason, that the theory of his complaint is that appellee has the right to use the way in controversy, if he closes and properly secures the gates across the same. Appellant is not in position in this case to question appellee's right to use said way upon the conditions alleged in his own complaint. It follows that the court erred in its conclusions of law.

The judgment is reversed, with instructions to the court below to restate its conclusions of law, and render judgment in favor of appellant in accordance with this opinion.