## BERG v. NEAL.

[No. 6,151.  Filed November 26, 1907.]

1. PLEADING.—*Complaint.—Injunction.—Easement. — Obstructions.* —A complaint alleging that the plaintiff is the owner in fee simple of certain land; that defendant has an easement thereover for the use of wagons and other vehicles; that the plaintiff has constructed a first-class farm gate at the entrance of said easement, and that defendant threatens to destroy same, states a sufficient cause for an injunction. p. 576.

2. EASEMENTS.—*Rights of Way.—Servient Owner's Right to Obstruct.*—The servient owner ordinarily has the right to maintain gates, in a reasonable manner, at the termini of a right of way over his land. p. 577.

3. SAME.—*Incidents. — Complaint. — Allegations. —* Nothing except what is requisite to its reasonable enjoyment passes as an incident to the grant of an easement; and an allegation that an easement is a private right of way for wagons and other vehicles shows such way is for passage only. p. 578.

4. PLEADING.—*Complaint.—Easements.—Obstructions.—Defenses.—* Where a complaint to enjoin defendant from removing plaintiff's gate from the entrance to defendant's right of way alleges that defendant has a right of way for the use of wagons and other vehicles, the inference therefrom being that plaintiff has the right to maintain such gate, defendant's contention that he has a right to an open way constitutes a defense and must be availed of by an answer. p. 578.

5. EVIDENCE.—*Deeds.—Mistakes.—Reformation.—Easements.—*In a suit for an injunction to prevent defendant from removing plaintiff's gate from the entrance to defendant's right of way, the deed conveying such right of way is admissible in evidence, though the description therein does not locate the way as used, evidence of a mutual mistake in the description being produced; and a reformation of such deed is not necessary in such suit or in any other, to render it admissible. p. 579.

6. EASEMENTS.—*Rights of way.—Gates.—Width.—*A gate ten feet wide at the entrance to a right of way sixteen and a half feet wide does not constitute an unreasonable obstruction, where it appears that such gate was not an interference with the free passage to and from such way. p. 580.

From Hamilton Circuit Court; *Samuel R. Artman,* Special Judge.

Suit by John F. Neal against Andrew Berg. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Roberts & Vestal* and *Kane & Kane,* for appellant.
*Gavin & Davis,* for appellee.

HADLEY, P. J.—This was a suit brought by appellee to enjoin appellant from removing a gate erected by appellee upon his land at a point where a certain easement for the passage of wagons and vehicles entered upon a highway running along said land. The complaint avers that appellee is the owner in fee simple of the land, describing it; that appellant owns a private easement, one rod in width, for the passage of wagons and other vehicles over and along the south side of said land; that appellee is in possession of said land, and of the lands over which said easement passes, which land is subject only to the easement and use thereof for wagons and other vehicles by appellant; that appellee had erected a farm gate of the usual style and make, and of sufficient width for easy passage for wagons and other vehicles; that said gate is properly constructed, is such as is in common and ordinary use for such purposes, is hung on hinges attached to a post, may be readily and easily opened and closed, and does not in any manner interfere with the free use and enjoyment of said right of way. There are other proper averments showing irreparable damage, threats of appellant to remove said gate, and other matters not necessary to be set out. To this complaint appellant filed a demurrer which was overruled, appellant reserving an exception. Appellant then filed a general denial, there was a trial by the court, and a finding for appellee. It is urged that the court erred in overruling the demurrer to the complaint for the reason that the same does not aver that the right of way mentioned therein was one that the appellee had a right to close. We do

not think this contention can be sustained. The complaint avers that appellee is the owner and in possession of the land at the point where said gate is maintained. This, together with the other averments of the complaint, exclusive of the averments in regard to the right of way, would be sufficient to maintain this suit. The averments with reference to the right of way are in the nature of admissions, and are for the benefit of the appellant, and may be treated as surplusage, but, considered in connection with the complaint, the admission that appellant had a right of way does not carry with it the necessary implication that it is an open right of way, it being well settled by the authorities that the general rule is that the owner of a servient 2. estate may maintain gates in a reasonable way at the termini of an easement or right of way passing over said estate. *Phillips* v. *Dressler* (1890), 122 Ind. 414, 17 Am. St. 375; *Boyd* v. *Bloom* (1899), 152 Ind. 152; *Whaley* v. *Jarrett* (1887), 69 Wis. 613, 34 N. W. 727, 2 Am. St. 764; *Short* v. *Devine* (1888), 146 Mass. 119, 15 N. E. 148; *Brill* v. *Brill* (1888), 108 N. Y. 511, 15 N. E. 538; Washburn, Easements and Servitudes (4th ed. by Croswell), *160; *Connery* v. *Brooke* (1873), 73 Pa. St. 80; *Hartman* v. *Fick* (1895), 167 Pa. St. 18, 31 Atl. 342, 46 Am. St. 658. The rule and the reasons therefor are well stated in Goddard, Easements (Bennett's ed.), 330, where the learned author says: "Questions often arise whether the owner of a private way through another's land has a right to an entirely free and open way the whole distance, or whether the landowner may lawfully erect gates or bars at the termini of the way, either where it enters the highway or at the opposite end. Obviously, the burden on the owner of the servient estate is much greater, if he must either leave the way entirely open for the inroads of others' beasts, and the escape of his own, or else fence both sides of the way for its entire length. On the other hand, the use of the way to the owner

thereof is not so convenient, if he must delay to open and close gates, or remove and replace bars. When ways are created by express grant, this matter is frequently provided for by the grant itself. But in cases of a general grant, express or implied, or of necessity, the rule seems to be that gates or bars may be lawfully erected at the termini of such ways without any liability for obstructing the way, and the wayowner would be liable in trespass for wrongfully removing the same. The great preponderance of convenience to the landowner over the slight inconvenience to the wayowner, seems to make it 'reasonable' in the eye of the law that such should be the rule. And if the landowner may rightfully erect and continue such *quasi* obstruction without any liability, it seems to follow that the wayowner must duly replace the same after he has passed; and if damages ensue for his neglect of this duty, he would be liable to the landowner therefor.'' This language is frequently referred to and quoted in subsequent authorities, and seems to be fully upheld by all of them.

The allegation that said easement is a private right of way for wagons and other vehicles is an averment that it is a private right of way for passage only, since nothing passes as incident to the grant of an easement but what is requisite to the fair enjoyment of the privilege. 3 Kent's Comm. (14th ed. by Gould), *419, *420; *Lyman* v. *Arnold* (1828), 5 Mason (U. S.) 195, Fed. Cas. No. 8,626.

And since it is well settled by the authorities before cited that the maintenance of a gate is not an unreasonable restriction upon the right of passage of appellant by the terms of his grant or use had through claim of right, if such grant or use gave him greater rights, such as the right of an open way, it was a matter of defense which appellee was not required to anticipate or negative.

On the trial appellee introduced in evidence a deed executed by George Ingermann and wife, grantors of appellee,

to Jacob Heinzmann, grantor of appellant, which
5.  deed conveyed a right of way sixteen and one-half
feet in width "over and along the south end of the
west half of the northwest quarter of section eighteen, town-
ship nineteen north, range five east." The right of way in
question was situated along the south side of the northwest
quarter of the northwest quarter of the section, township
and range just given. As will be seen, the right of way
described in the deed is located forty rods south of the right
of way described in the complaint. Appellant objected to
the admissibility of this deed. Appellee stated, upon the
profert, that he would show that the right of way claimed
by appellant was taken possession of, laid out and used
under said deed, and that said deed contained the misde-
scription on account of the mistake of all the parties. The
record discloses that the claim of appellee was fully sus-
tained, all of the witnesses testifying on this point agreeing
that Jacob Heinzmann, named in the deed, took possession
of the right of way described in the complaint, opened it and
used it, and that appellant as his successor continued the use
and asserted his rights and claims under said deed of In-
germann and Heinzmann. In fact, it is clearly shown that
all of the rights that appellant has to said right of way have
accrued to him under said deed. There was no error in ad-
mitting this testimony. It is contended by appellant that,
since it was claimed by appellee that there was a mistake in
the description of the deed, he could not introduce the same
and then introduce testimony to correct, without first hav-
ing pleaded such mistake and prayed for reformation of the
same. This contention cannot be sustained. The deed had
no place in the complaint. It formed no part of the action.
In fact, we do not see how it was any part of appellee's
cause more than an admission on his part of the rights of
appellant. It would be a strange proceeding, indeed, that
before a plaintiff, desiring to introduce in evidence a writ-
ten instrument, in which he knew there was some clerical or

other mutual mistake of the parties, could be permitted to introduce the same in evidence he must ask the court for a reformation of the instrument.

It is also asserted by appellant that since the grant in the Ingermann deed was for a right of way sixteen and one-half feet wide and the gate constructed by appellee

6.    was only ten feet wide, it was an obstruction of the free use of the whole width of such right of way. The cases cited by appellant in support of this proposition state no new or different rules from those before laid down. The case of *Herman* v. *Roberts* (1890), 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. 800, is in full accord therewith. In that case the court says: "It is difficult, if not impossible, to lay down a clear and definite line of use which shall enable the parties always to determine what may be considered a proper and reasonable use as distinguished from an unreasonable and improper one, and such question must, of necessity, be uusally left to the determination of a jury, or the trial court, as a question of fact. *Bakeman* v. *Talbot* [1865], 31 N. Y. 366, 88 Am. Dec. 275; *Huson* v. *Young* [1871], 4 Lans. (N. Y.) 63; *Prentice* v. *Geiger* [1878], 74 N. Y. 341. It is not supposed that it was the intention of the court below wholly to preclude the defendant from the use of the roadway by passing over or across it in such manner as should not materially obstruct passage, or injure the roadbed; but it was only intended to prevent an unreasonable use thereof which should sensibly impair its condition or render its use offensive and impracticable to the plaintiff and others having lawful occasion to pass over it." Since the authorities cited clearly affirm that an ordinary gate erected across a way is not an unreasonable obstruction and is not an interference with a free passage, the rule before quoted is not antagonistic therewith. We find no reversible error in the record.

Judgment affirmed.