Ed KANIZER and Joan Kanizer,
Appellants (Plaintiffs Below),

v.

WHITE EXCAVATING, INC., Appellee
(Defendant Below).

No. 4–982A276.

Court of Appeals of Indiana,
Third District.

Feb. 1, 1983.

---

1. Ind.Code § 20–7.5–1–4 (Burns Code Ed.):

Robert F. Hellmann, Hellmann & Cook, Terre Haute, for appellants.

Joe E. Beardsley II, Beardsley & Stengel, Clinton, for appellee.

HOFFMAN, Presiding Judge.

Appellants Ed and Joan Kanizer are owners of land deeded to them by warranty deed on April 22, 1980. A road runs across this land as an easement of egress and ingress to land owned by appellee White Excavating, Inc. The dominant estate benefiting from the easement has been used by White and prior owners as a commercial landfill.

The easement for the right-of-way was granted to White on January 6, 1978. The grant was for a right-of-way 80 feet wide running from State Road 163 across Kanizers' property to White's property. Prior to White obtaining this easement a gate was maintained across the right-of-way at the intersection of the easement and State Road 163. Prior to appellants' obtaining title to the servient estate, White had maintained a gate across the easement at the point where the right-of-way intersected State Road 163. This dispute arises out of appellants' attempts to maintain a gate at the intersection with State Road 163.

On April 16, 1981 appellants filed a complaint seeking a declaratory judgment establishing their right to maintain a gate across the easement at the intersection. White counterclaimed seeking an order enjoining appellants from maintaining or locking a gate at the intersection or interfering with White's use of the easement. The trial court entered findings of fact and rendered a judgment for White prohibiting appellants from maintaining a gate across the easement at the intersection. This appeal results.

The issue raised on appeal is whether the owner of a servient estate has a right to maintain a gate across an easement of ingress and egress over the servient estate.

It has long been established in Indiana that a servient estate holder has such a right. Unless an open way has been expressly granted, a servient estate holder may maintain a gate across an easement for a right-of-way where that right-of-way terminates on his land, and he may require the dominant estate holder to open and close the gate at each passing. *Boyd v. Bloom* (1899), 152 Ind. 152, 52 N.E. 751; *Phillips v. Dressler* (1890), 122 Ind. 414, 24 N.E. 226; *Berg v. Neal* (1907), 40 Ind.App. 575, 82 N.E. 802. This principle finds more support in situations where a gate exists across the right-of-way at the time it is conveyed to the dominant estate holder. *Frazier et al. v. Myers et al.* (1892), 132 Ind. 71, 31 N.E. 536.

In the case at bar White was not granted an open way. Further, at the time the easement was conveyed to White a gate existed across the right-of-way. Thus, as a matter of law appellants have a right to maintain a gate across the right-of-way where it terminates on their land and intersects State Road 163. However, it must be noted that while appellants may maintain such gate and require White to open and close the gate at each passing, they may not lock the gate or in any way interfere with White's reasonable use of the right-of-way.

For the reasons stated above the trial court is reversed.

Reversed.

GARRARD and STATON, JJ., concur.