BISHIELDS *v.* CAMBBELL ET UX.

[No. 24, October Term, 1952.]

*Decided November 11, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Matthew J. Mullaney*, for appellant.

*William L. Wilson, Jr.*, for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This is the second appeal in the suit brought in the Circuit Court for Allegany County by James E. Campbell and wife to enjoin Michaele Bishields and wife from barricading a road near Slabtown, over which they claimed a right of way, leading from the public highway through the land of defendants to their own home.

In the bill filed on November 2, 1949, complainants alleged that prior to October 26, 1949, they had been using the roadway continuously and adversely more than forty years and had thus acquired an easement over the land of defendants, but that defendants had erected a steel and wire gate at the entrance of the roadway and put a lock on the gate, thereby closing the roadway to complainants and the public. Before testimony was taken, the Court was informed that Mrs. Bishields was dead, and the case proceeded against Bishields as the sole defendant. It appeared at the trial that the gate complained of was the fourth gate that had been erected there during a period of at least forty years, but the three previous gates had never been locked. Defendant asserted that he had complained of the use of the roadway by complainants, but had never taken any action to prevent them from using it. On November 15, 1950, the Court dismissed the

bill, and from that decree complainants took the first appeal.

On April 13, 1951, the Court of Appeals reversed the decree and remanded the case for the passage of a decree in conformity with the Court's opinion. We held in that opinion, which was written by Judge Grason, that the evidence established that complainants had used the roadway through defendant's land openly, continuously and adversely more than twenty years, and thus had acquired an easement by prescription. We further held that, since complainants had no other reasonably convenient way to their property, they were not precluded from obtaining an injunction on the ground that they would not suffer irreparable injury because of the obstruction. *Campbell v. Bishields,* 197 Md. 572, 80 A. 2d 262.

On April 4, 1952, the Circuit Court entered another decree, which consists of three paragraphs. The first paragraph declares that complainants and the public have the right to the free use of the roadway over defendant's property from the public road to the property of complainants. Defendant made no objection to that paragraph, but appealed from the second paragraph, which enjoins him from "maintaining any gate or other obstruction on said roadway or from interfering in any manner with the free use of the same."

As the second decree has given rise to controversy over the meaning of "free use of the roadway," we think it appropriate to state the general principle that a right of way is merely a right of passage and the owner of the land is entitled to use it for any purpose that does not unreasonably interfere with the use of the easement. Hence, it is held in this State that, in the absence of an agreement or surrounding circumstances to the contrary, the owner of the servient estate has the right to maintain gates on a right of way at the points where the way begins and terminates. *Baker v. Frick,* 45 Md. 337, 341, 24 Am. Rep. 506. Of course, if a grant, construed in connection with the

surrounding circumstances, shows an intention that no gate shall be erected, such a showing of intention is controlling. It is equally true that the fact that a gate was standing at the time of a grant is a circumstance that strengthens the presumption that the parties contemplated that a gate might thereafter be maintained.

The law is also clear that when an easement has been acquired by prescription, the character and extent of the use permissible are commensurate with and determined by the character and extent of the use during the prescriptive period. *Barry v. Edlavitch*, 84 Md. 95, 112, 35 A. 170, 33 L. R. A. 294. Accordingly, where the owner of land, over which another has acquired a right of way by prescription, erects a gate across the way, where there had been no gate for more than twenty years, equity might protect the owner of the easement in his use of the way entirely unobstructed by such gate. *Shivers v. Shivers*, 32 N. J. Eq. 578. On the other hand, where a right of way has been acquired by prescription, but the owner of the land maintained a gate across the way during the entire prescriptive period, he may continue to maintain a gate across the way afterwards. *Rogerson v. Shepherd*, 33 W. Va. 307, 10 S. E. 632, 636.

In a case in Indiana, where a deed reserved a right of way which was not to be fenced, but for a period of forty years the parties had used the way with gates swung at either end, the Court held that the maintenance of the gates was in accordance with the intention of the parties, and therefore none of them could successfully contend afterwards that no gates were to be permitted. *Frazier v. Myers*, 132 Ind. 71, 31 N. E. 536.

In *Brill v. Brill*, 108 N. Y. 511, 15 N. E. 538, 539, where the defendant had a right of way over the plaintiff's farm, the Court of Appeals of New York stated that the dispute as to whether the plaintiff had the right to have gates at the two ends of the road pre-

sented the factual question whether they unnecessarily interfered with the defendant's use of the road. On that question the Court observed: "The duty of the defendant to keep upon his own lands such cattle and other animals as he may possess, and to keep up and maintain his own portion of the fence line, of which the gate in question is a part, is mitigated only by his privilege to have a reasonably convenient passage upon the road over the plaintiff's land. In regard to it the rights of the two parties are correlative, and both are protected when the gate is opened only for necessary use, and closed when passage through it in either direction is effected."

In the instant case it was shown that, prior to the erection of the gate in controversy, defendants had put up three other gates, which had been knocked down during the course of 37 years. The important circumstance in the case is that none of the three previous gates had ever been locked and accordingly there was nothing to prevent the use of the roadway by complainants. Very often the gate was open. But when it was closed, complainants opened it and continued on their way. We held that the fact that unlocked gates had been erected across the roadway for the statutory period did not negative, but merely limited, the prescriptive right.

As the second paragraph of the decree is not in conformity with the opinion of the Court of Appeals, we reverse that part of the decree and remand the case to the Court below with instruction that the second paragraph be stricken out.

*Decree affirmed in part and reversed in part, and case remanded, with costs to appellant.*